APR 21 2010

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EDWAN THURMOND, | |
| *Petitioner*, | 3:09-cv-00401-RCJ-RAM |
| vs. | ORDER |
| GREG SMITH, *et al.*, | |
| *Respondents*. | |

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases and on petitioner's motion (#4) for bail. The filing fee has been paid.

On the motion for bail, none of the authorities relied upon by petitioner apply to a federal habeas proceeding. A federal habeas proceeding is not a federal criminal matter. Provisions such as 18 U.S.C. § 3143(b) – which concern appeals of federal criminal convictions to a federal appeals court – have no application to this proceeding. Similarly, federal cases concerning the grant of bail in federal criminal cases have nothing to do with this federal habeas case. Nor do the Nevada state constitutional provisions or statutes relied upon by petitioner have any application to the grant of bail in a federal habeas corpus proceeding. To the extent, *arguendo*, that release on bail might be available in a federal habeas corpus proceeding prior to entry of a decision by the federal district court, the Court does not find – following a preliminary review of the papers presented – that such release on bail is appropriate herein. The motion for bail therefore will be denied.

Turning to initial review, the petition is deficient in a number of respects.

*First*, Ground 1 fails to state a coherent claim for relief, appears to impermissibly combine a claim of ineffective assistance of counsel with multiple other alleged constitutional claims, and exceeds the page limitation in the instructions for the petition form. The 45-page ground begins on page 3 of the petition as a claim of ineffective assistance of appellate counsel purportedly under the First, Fourth, Fifth, Sixth and Fourteenth Amendments based upon appellate counsel's alleged failure to federalize the issues presented on direct appeal. Starting on page 6 of the petition, petitioner provides disjointed argument appearing to argue underlying substantive claims. On page 9 of the petition, petitioner states: "Petitioner invokes all statements attached herein for purposes of federalizing issues should federal review be needed. Due process, equal protection, right to fair hearing by impartial judge 1, 5, 6, 8, 14 USCA." He then includes within the ground 38 pages of what perhaps is a substantial portion of the opening brief filed on his direct appeal. At the end of this inserted material, on page 47, petitioner states: "Mr. Thurmond's conviction should be examined as the convictions were a "miscarriage of justice" in violation of the First Fifth Sixth Eighth and Fourteenth Amendments of the United States Constitution denial of right to redress government for grievances due process (procedural and substantial [sic]) right to a fair hearing, impartial judge as the Constitution demands."

To the extent that federal Ground 1 is coherent in the first instance, petitioner perhaps is attempting to present a claim of ineffective assistance of appellate counsel in Ground 1 together with the underlying substantive claims presented on direct appeal but with a blanket assertion that the substantive claims now are presented as "federalized" claims. Under the instructions to the Court's required petition form, a federal habeas petitioner may not combine multiple constitutional claims within a single ground. Petitioner thus may not combine a claim that appellate counsel provided ineffective assistance of counsel in allegedly failing to federalize the claims presented on direct appeal together with the underlying substantive claims all combined within a single ground. If petitioner in fact is seeking to pursue each one of the underlying substantive claims, he must present each such claim as a separate ground

separate and apart from the ineffective assistance claim and separate and apart from each other.

The Court expresses no opinion at this juncture as to whether any such underlying substantive claims have been fairly presented and exhausted as separate and independent federal substantive claims in the state courts. This Court's attempt herein to discern the ambiguous possible intent of the jumbled and incoherent federal Ground 1 does not signify that the presentation of a corresponding claim in the state courts would have fairly presented the substantive claims as separate and independent federal claims in the state courts.

Moreover, merely including a copy of state court briefing and making a blanket assertion that all claims asserted therein now are "federalized" does not sufficiently allege a federal claim for relief as to any particular claim. More is required to state a federal claim for relief than making a declaration that the claim is "federal."

The petition form further limits a petitioner to only two extra pages to state each separate ground. The 45-page Ground 1 far exceeds this page limit. Out of an abundance of caution, the Court will permit petitioner to use a maximum of four extra pages for each separate ground.

Petitioner accordingly must amend the petition to state a coherent ground or grounds for relief as to the claim or claims that he seeks to present in Ground 1. He must comply with the expanded page limitation provided for herein as to all claims in the amended petition.

*Second*, Ground 6 also impermissibly includes multiple different constitutional claims within a single ground. On preliminary review, it appears that there are at least nine distinct constitutional claims or fragments of claims within Ground 6. Petitioner may not combine claims of ineffective assistance of counsel with allegations of trial court error. Nor may he combine unrelated claims of trial court error. For example, petitioner may not combine a claim of constitutional error based upon an alleged *Bruton* violation with a claim of constitutional error based upon his receiving an enhanced sentence for use of a deadly weapon. Ground 6 further exceeds the allowed page limitation.

////

*Third*, Ground 7 also impermissibly includes multiple different constitutional claims within a single ground. Ground 7 combines multiple claims of jury instruction error with claims that the evidence was insufficient to sustain the conviction. Petitioner may not combine insufficient evidence claims with jury charge error claims except in instances where the allegation of insufficient evidence is required to state the jury charge claim. He further may not combine multiple claims of jury instruction error within a single ground. Each distinct claim of error must be stated in a separate ground. Ground 7 further exceeds the page limitation.

*Fourth*, Ground 11 fails to state a coherent claim for relief and appears to combine multiple different constitutional claims with a single ground. Ground 11 initially appears to assert a claim that the evidence was insufficient to sustain a conspiracy conviction. In the middle of a paragraph, however, petitioner starts alleging a cumulative error claim, and petitioner thereafter alleges multiple additional constitutional errors, which are not necessarily asserted in connection with the cumulative error claim. Petitioner, again, must allege one constitutional claim per ground.

*Fifth*, Ground 12 fails to state a coherent claim for relief and appears to combine multiple different constitutional claims within a single ground. Ground 12 initially appears to assert substantive claims alleging that petitioner was not timely brought before a judicial officer after an arrest. Toward the end of the ground, petitioner instead starts asserting that he was denied effective assistance of counsel for failing to raise an issue as to petitioner being held on a criminal complaint "which did not exist under law." Petitioner may not combine a claim that appellate counsel provided ineffective assistance of counsel in allegedly failing to present a claim together with substantive claims of state court error.

*Sixth*, Ground 14 impermissibly combines substantive claims of trial error with claims of ineffective assistance of counsel. While the claims may be factually related, petitioner must state the distinct constitutional claims in separate grounds. He may incorporate the factual allegations from an earlier ground in a later ground.

The Court will give petitioner an opportunity to file an amended petition correcting these deficiencies.

1  The Court further notes that a substantial question exists on the papers presented as to whether all of the claims presented have been properly exhausted in the state courts. In order to efficiently complete initial review as to exhaustion and related issues, the Court will direct respondents to provide a records-only response with copies of the state court record materials reflecting petitioner's writ history in the state courts.

IT THEREFORE IS ORDERED, subject to the remaining provisions of this order, that the Clerk of Court shall file the petition and accompanying motion. The clerical filing of the petition does not signify a holding by the Court that the petition is free of other deficiencies. The deficiencies identified in this order first must be corrected and a coherent pleading presented before further initial review is conducted. The Court will hold the motion for appointment of counsel under submission pending the completion of initial review.

IT FURTHER IS ORDERED that petitioner shall have sixty (60) days from entry of this order within which to mail an amended petition to the Clerk for filing that corrects the deficiencies identified in this order and that otherwise complies with the directives in this order. This action may be dismissed without further advance notice if petitioner fails to file a timely curative amended petition and/or otherwise fails to both fully and timely comply with this order.

IT FURTHER IS ORDERED, pursuant to Local Rule LR 15-1, that any amended petition filed must be complete in itself without reference to previously filed papers or other papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court. Any claims or allegations that are left out of the amended petition or that are not re-alleged in the amended petition no longer will be before the Court.

IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, 3:09-cv-00401-RCJ-RAM, above the word "AMENDED."

IT FURTHER IS ORDERED that petitioner's motion (#4) for bail is DENIED.

1    IT FURTHER IS ORDERED that the Clerk shall send petitioner two copies of a Section 2254 petition form, one copy of the instructions for same, and one copy of the petition that he submitted.

IT FURTHER IS ORDERED that the Clerk shall correct the docket entry for #7 to reflect that the filing is a notice rather than an amended petition. Petitioner should note that when he places "First Amendment Petition" on a filing, the Clerk may construe the filing as an amended petition. The Court further does not take action on requests for relief presented in notices, letters or other filings that are not motions that comply with Rule 7(b) of the Federal Rules of Civil Procedure.

IT FURTHER IS ORDERED that the Clerk of Court shall add Attorney General Catherine Cortez Masto (listed under Cortez) as counsel for respondents and shall make informal electronic service of this order upon respondents via a notice of electronic filing.

IT FURTHER IS ORDERED that, within sixty (60) days of entry of this order, the respondents shall file -- and serve upon petitioner -- a set of exhibits with copies of the following, in chronological order:

(a) the briefing and/or fast track statements on direct appeal in Supreme Court of Nevada No. 45055;

(b) the state supreme court's order of affirmance in No. 45055;

(c) all papers presenting petitioner's claims in the state district court on post-conviction review on his petition filed on or about October 2, 2007;

(d) the transcript of the evidentiary hearing;

(e) the state district court's findings, conclusions, and order;

(f) petitioner's motion for a writ of mandamus seeking to disqualify Judge Mosley in the state post-conviction proceedings;

(g) all papers accepted for filing by the state supreme court presenting claims on the post-conviction appeal in No. 51290;

(h) all papers accepted for filing by the state supreme court on the appeal from the denial of the writ of mandamus in No. 51073;

(i) the state supreme court's order of affirmance and remittitur on the consolidated appeals in Nos. 51290 and 51073;

(j) the petition for extraordinary relief filed under No. 53991; and

(k) the state supreme court's order in No. 53991.

IT FURTHER IS ORDERED that the exhibits shall be filed with a separate index of exhibits identifying the exhibits by letter. The CM/ECF attachments that are filed further shall be identified by the letter or letters of the exhibits in the attachment. *Cf.* No. 3:06-cv-00129-LRH-VPC, ## 20-27. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to determine from the face of the electronic docket sheet which exhibits are filed in which attachments.

**No further response other than the above is required at this time from respondents.**

DATED: This ___21st___ day of April, 2010.

_____
ROBERT C. JONES
United States District Judge