

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EDWAN THURMOND,

    *Petitioner*,

vs.

GREG SMITH, *et al.*,

    *Respondents*.

3:09-cv-00401-RCJ-RAM

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of the first amended petition (#14) under Rule 4 of the Rules Governing Proceedings under Section 2254 (the "Habeas Rules") and on petitioner's motion (#10) for appointment of counsel.

### Screening

Grounds 14 and 15 of the amended petition fail to state a claim for relief with the specificity required under Habeas Rule 2(c). Petitioner further has not complied with the prior screening order with regard to Ground 14.

Under Habeas Rule 2(c), habeas pleading is not notice pleading. A habeas petitioner instead must state the specific facts that allegedly entitle him to habeas relief. *See Mayle v. Felix*, 545 U.S. 644, 655-56, 125 S.Ct. 2562, 2569-70, 162 L.Ed.2d 582 (2005). Even under a more liberal notice pleading standard, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement do not state a claim for relief. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct.

1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). Under either pleading standard, the allegations presented must permit the reviewing court to infer more than the mere possibility of a constitutional violation. See *Iqbal*, 129 S.Ct. at 1949-50.

In Ground 14, petitioner alleges that he was denied rights to due process and a fair trial under the Fifth, Sixth and Fourteenth Amendments because of defective jury instructions. He alleges that the deadly weapon enhancement, conspirator, and aider-and-abettor instructions were "not defined correctly" and "reiterated the errors in the charging document," as alleged in Ground 12. Petitioner further alleges that the instructions allowed the prosecution to alter its theory of the case on the deadly weapon enhancement.

None of these allegations state a claim or state anything specific at all. Petitioner must allege specifically how each instruction was not defined correctly. He must state specifically how each instruction reiterated errors in the charging document. A reading of Ground 12 does not shed any further light on what Ground 14 is alleging as to the alleged errors in the jury instructions. And he must allege specifically how an instruction or instructions allowed the prosecution to alter its theory of the case on the deadly weapon enhancement.

Further, the prior screening order stated that petitioner "may not combine multiple claims of jury instruction error within a single ground." The order directed: "Each distinct claim of error must be stated in a separate ground." #8, at 4. While petitioner separated his claim of error as to the flight instruction into current Ground 18, he again combined multiple claims of jury instruction error in current Ground 14. Petitioner must comply with the orders of the Court. If he does not, the affected claims will be dismissed.

In Ground 15, petitioner alleges that he was denied rights to due process, to a fair trial, and to confrontation and cross-examination under the Fifth, Sixth and Fourteenth Amendments when the trial court allowed alleged double hearsay evidence to be introduced at trial. Petitioner alleges that Detective Mogg was allowed to testify at trial regarding "alleged statements" by persons identified as Ryan McCallister, an unknown male, Mr. McFadden, Mr. Chandler, and Mr. Foreman. Petitioner must specifically allege which statements were testified to by the detective that constituted allegedly impermissible double hearsay.

1    The Court will give petitioner an opportunity to file an amended petition that: (a) breaks current Ground 14 up into separate grounds for each allegedly erroneous jury instruction; and (b) states the claims in current Grounds 14 and 15 with the required specificity.

    The amended petition filed in response to this order must carry forward all claims from the prior amended petition that petitioner still wishes to pursue. For grounds not affected by the present order, petitioner may include a copy of the pertinent pages from the prior amended petition and renumber any grounds as necessary.

### Remaining Matters

On the motion for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court. Absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986); Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir.1965). In the present case, taking into account the claims presented and petitioner's ability to articulate his claims, the Court does not find that the interests of justice require the appointment of counsel.

The Court notes that Exhibit 3 in #13 appears to be missing handwritten page 57 at pages 12-13 of #13-4. The Court will direct respondents to file either a supplemental corrected exhibit or a certificate that the original filing with the state district court clerk does not contain such a page.

IT THEREFORE IS ORDERED that petitioner shall have thirty (30) days within which to mail an amended petition correcting the deficiencies identified in this order to the Clerk for filing.

IT FURTHER IS ORDERED, pursuant to Local Rule LR 15-1, that any amended petition filed must be complete in itself without reference to previously filed papers. Thus, the

claims and allegations that are stated in the amended petition will be the only matters remaining before the Court. Any claims or allegations that are left out of the amended petition or that are not re-alleged in the amended petition no longer will be before the Court.

IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition as an amended petition by placing the words "SECOND AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, 3:09-cv-00401-RCJ-RAM, above the words "SECOND AMENDED."

IT FURTHER IS ORDERED that the grounds discussed herein will be dismissed without further advance notice if petitioner fails to file a timely curative amended petition and/or otherwise fails to both fully and timely comply with the Court's orders.

IT FURTHER IS ORDERED that petitioner's motion (#10) for appointment of counsel is DENIED.

IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, **respondents** shall file either a supplemental corrected exhibit #3 or a certificate that the original filing with the state district court clerk does not contain handwritten page 57 in that document.

The Clerk of Court shall send petitioner two blank copies of a noncapital Section 2254 petition form together with a copy of the first amended petition (#14).

DATED: February 25, 2011

ROBERT C. JONES
United States District Judge

-4-