# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDWAN THURMOND,

    *Petitioner*,

vs.

GREG SMITH, *et al.*,

    *Respondents.*

3:09-cv-00401-RCJ-WGC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#25) to dismiss and sundry motions (## 34, 36, 39, 40 & 41) by petitioner specified in greater detail *infra*. In the motion to dismiss, respondents contend: (a) that Grounds 1, 3 through 6, 13 and 16 do not relate back to a claim in a timely-filed pleading and therefore are untimely; (b) that Grounds 6, 10, and 14 are not cognizable under *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), and/or fail to state a claim upon which relief may be granted; and (c) that Grounds 3 and 9 are not exhausted.

### *Background*

Petitioner Edwan Thurmond challenges his Nevada state conviction, pursuant to a jury verdict, of three counts of robbery with the use of a deadly weapon and two counts of conspiracy to commit robbery.

The original judgment of conviction was filed on April 06, 2005. On direct appeal, the Supreme Court of Nevada affirmed but remanded for the limited purpose of correcting a clerical error in the original judgment of conviction. The original judgment did not set forth the

counts upon which the jury returned guilty verdicts. The state supreme court's order was filed on November 8, 2006, and the remittitur issued on December 5, 2006.[1]

The state district court filed an amended judgment of conviction on January 18, 2007, that set forth the counts upon which the jury returned guilty verdicts. The time for filing any direct appeal from such amended judgment or judgments expired on Tuesday, February 20, 2007, after the President's Day legal holiday.[2]

The time for filing a petition for a writ of *certiorari* in the United States Supreme Court, which ran for ninety days from the November 8, 2006, order of affirmance, expired on February 6, 2007.

On or about September 20, 2007, petitioner mailed a state post-conviction petition to the state district court clerk for filing. The clerk received and filed the petition on October 2, 2007.[3]

The state district court denied post-conviction relief, and the Supreme Court of Nevada affirmed on appeal. The remittitur issued on June 30, 2009.[4]

////

---

[1] #32-20, Ex. 80; #33-1, Ex. 92; #33-3, Ex. 94. As discussed at the end of this order, respondents' counsel did not file the state court record exhibits in the manner directed by the Court. Counsel must identify which specific exhibits are in which specific attachments on the electronic docketing system. #23, at 2, lines 16-17. If counsel fails to do so, both this Court and any reviewing court thereafter then must "fish" through the unmarked attachments to find a particular exhibit listed in the index of exhibits.

[2] #33-2, Ex. 93. Petitioner maintains that two amended judgments of conviction were filed on January 18, 2007. See #35, at electronic docketing pages 19-22. Assuming, *arguendo*, that petitioner's copies accurately represent the filings in the state court record, one appears to be an order styled as a judgment amending the prior judgment and the other appears to be a superceding complete amended judgment. Both such pleadings bear a January 18, 2007, file stamp. The existence of two such judgments thus can have no impact on the timeliness analysis, with both being filed the same day.

[3] #33-6, at electronic docketing pages 2, 8 & 10. Petitioner did not date the certificate of mailing, but the petition is dated September 20, 2007. The Court assumes, *arguendo*, that the date stated on the petition is the date that it was presented for mailing, which is not always necessarily the case.

[4] #33-39, Ex. 129. Petitioner points instead to the July 1, 2009, date on the receipt for remittitur at the bottom of the document. The June 30, 2009, date stated on the document is the date that the remittitur is *issued* by the state supreme court clerk. The date of *issuance* is the date that is controlling. The July 1, 2009, date instead reflects the date that the *state district court clerk* received the remittitur *from* the state supreme court clerk.

Before the remittitur issued, on or about June 9, 2009, petitioner mailed an original petition for a writ of *certiorari* or mandamus, which challenged his judgment of conviction, to the state supreme court clerk for filing. The clerk received and filed the petition on June 16, 2009. The state supreme court denied the petition on July 14, 2009, and denied a petition for rehearing on August 10, 2009.[5]

On or about July 17, 2009, petitioner mailed the original federal petition to the Clerk of this Court for filing.[6]

On or about June 14, 2010, petitioner mailed a first amended petition to the Clerk for filing.[7]

On or about March 2, 2011, petitioner mailed a second amended petition for filing.[8]

### *Discussion*

### *Timeliness and Relation Back*

Respondents contend that Grounds 1, 3 through 6, 13 and 16 do not relate back to a claim in a timely-filed pleading and therefore are untimely. Respondents acknowledge that the original petition was filed within the one-year federal limitation period, but they maintain that the first and second amended petitions were not. Respondents further acknowledge that the claims in the second amended petition relate back to the allegedly untimely first amended petition. Respondents thus focus their argument on whether the claims in the second amended petition relate back (through the first amended petition) to the timely-filed claims in the original petition.

---

[5] #33-40, Ex. 130, at electronic docketing pages 2 & 20. #33-41 to #33-43, Exhs. 131-33. The Court, again, assumes *arguendo* that the date stated on the certificate of service is the actual date that the petition was presented for mailing at the prison. The distinction is of no material import in this instance, however, because the remittitur on the state post-conviction appeal was not issued until June 30, 2009, after both the mailing and filing of the original writ petition in the state supreme court.

[6] #1-2, at 1. As above, the Court assumes, *arguendo*, that the date stated is the actual date that the pleading was presented for mailing in the prison.

[7] See #14, at electronic docketing page 52, subject to the same *arguendo* assumption.

[8] See #21, at electronic docketing pages 1 & 48, subject to the same *arguendo* assumption.

The June 14, 2010, first amended petition (and, thus, the March 2, 2011, second amended petition) clearly was mailed for filing after the expiration of the federal limitation period, absent further tolling or delayed accrual.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), in the context presented here, a federal habeas petition must be filed within one year after "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In the present case, the time period for filing a petition for *certiorari* in the United States Supreme Court following the state supreme court's affirmance on direct appeal expired on February 6, 2007. However, direct review was not concluded in the case until the expiration of the period for filing a direct appeal from the amended judgment(s) of conviction filed on remand. This time period expired two weeks later, on February 20, 2007. The federal one-year limitation period, unless tolled or subject to delayed accrual, therefore began running after February 20, 2007.[9]

Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). On or about September 20, 2007, after 213 days had elapsed, petitioner mailed a timely state post-conviction petition for filing.[10] Proceedings on this petition remained pending through the issuance of the remittitur on June 30, 2009. Before the state post-conviction proceedings concluded, however, petitioner filed his original writ petition in the state supreme court also seeking to challenge the judgment of conviction. The federal limitation period therefore continued to be tolled through the conclusion of those proceedings for other collateral review on August 10, 2009.

---

[9] *Cf. United States v. Colvin*, 204 F.3d 1221 (9th Cir. 2000)(for purposes of similar federal limitation period under 28 U.S.C. § 2255, direct review extends through the time to appeal an amended judgment filed pursuant to a remand order).

[10] The Court recently reaffirmed that it is the date of mailing rather than the date of filing that is controlling for purposes of tolling the federal limitation period as opposed to tolling the Nevada state limitations period. *See Alvin Rankin, Jr. v. Jack Palmer*, 3:09-cv-00145-LRH-VPC, #38, at 4 (Dec. 27, 2011).

Accordingly, absent further tolling or delayed accrual, the federal limitation period expired in this case after another 142 days had elapsed, on December 30, 2009.

The July 17, 2009, original federal petition was constructively filed before this date, but both the June 14, 2010, first amended petition and the March 2, 2011, second amended petition were filed after this date.

A new claim in an amended petition that is filed after the expiration of the one-year limitation period will be timely only if the new claim relates back to the filing of a claim in a timely-filed pleading under Rule 15(c)(2) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). In *Mayle*, the Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655-64, 125 S.Ct. at 2570-75. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c)(2) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657, 125 S.Ct. at 2571. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 & n.5, 125 S.Ct. at 2572 & n.5.

In response to the motion to dismiss, petitioner raises a number of arguments challenging application of the federal limitation bar that are too frivolous to warrant discussion.[11] For example, petitioner's underlying premise that the federal limitation defense is waived if not raised in the state supreme court is wholly without merit. Critically, petitioner

---

[11]See #35, at 9-12.

does not address respondents' argument that – if the amended pleadings were filed after the limitation period expired – Grounds 1, 3 through 6, 13 and 16 of the second amended petition do not relate back to a timely-filed claim in the original petition. Accordingly, pursuant to Local Rule LR 7-2(d), by failing to respond to respondents' argument as to the lack of relation back of these claims, petitioner has consented to the grant of the motion on this basis as to these claims if his arguments as to the expiration of the limitation period are rejected.[12]

Grounds 1, 3 through 6, 13 and 16 therefore will be dismissed with prejudice as time-barred.

### *Stone v. Powell* and Failure to State a Claim

Petitioner further provides no argument responding to respondents' argument under *Stone v. Powell*. Grounds 10 and 14 therefore will be dismissed as not cognizable in federal habeas corpus, with Ground 6 already being subject to dismissal for untimeliness.

### *Exhaustion*

With Ground 3 being dismissed as untimely, the only question that potentially remains as to exhaustion is whether Ground 9 is exhausted.

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the state supreme court. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the

---

[12] *See,e.g., Wrzesinksi v. Wells Fargo Bank, N.A.*, 2011 WL 2413843, at *1 (D. Nev. June 10, 2011); *Harvey v. Washington Mutual Bank, F.A.*, 2011 WL 2415189, at *1 (D. Nev., June 10, 2011); *Flynn v. Liner Grode Stein, etc.*, 2010 WL 4121886, at *7 (D. Nev., Oct. 15, 2010).

In his *exhaustion* argument as to Grounds 3 and 9, petitioner makes references to the claims in the second amended petition "relating back" to pleadings in the *state* district court. See #35, at 8-9. These references of course beg the question with regard to relation back of claims in the second amended petition to claims in the original *federal* petition. Moreover, the references in all events are directed instead to exhaustion, not to the federal limitation issue.

1 federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That
2 is, fair presentation requires that the petitioner present the state courts with both the operative
3 facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*,
4 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts,
5 as a matter of federal-state comity, will have the first opportunity to pass upon and correct
6 alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501
7 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

8 In Ground 9 of the second amended petition, petitioner alleges that he was denied
9 rights to due process and a fair trial under the Fifth, Sixth and Fourteenth Amendments when
10 he was charged by an allegedly defective and illegal criminal complaint. He alleges that the
11 criminal complaint was defective because: (a) he had a constitutional right to be charged
12 instead by grand jury indictment; and (b) the complaint alleged a violation of a nonexistent
13 statute, N.R.S. 103.165, rather than N.R.S. 193.165, denying him his right to be advised of
14 the charges against him.

15 Petitioner concedes that he never presented Ground 9(a) to the state courts. He
16 urges, however, that lack of exhaustion is no bar to federal consideration of the claim because
17 the issue is "jurisdictional." Petitioner's argument that a habeas petitioner is not required to
18 exhaust a claim presenting an issue described as a "jurisdictional" defect is frivolous. Ground
19 9(a) is not exhausted.

20 Ground 9(a) in any event is without any arguable merit. There is no federal
21 constitutional right to a grand jury indictment before criminal prosecution in a state court.
22 *See,e.g., Hurtado v. California*, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884); *Peterson v.*
23 *California*, 604 F.3d 1166, 1170-71 (9th Cir. 2010). The Court therefore will dismiss the
24 unexhausted Ground 9(a) on the merits pursuant to 28 U.S.C. § 2254(b)(2).

25 Petitioner contends that he presented Ground 9(b) to the state district court in his state
26 petition. While the claim presented in the state petition is different from the claim presented
27 in the federal petition as to certain nuances, the Court concludes that, on balance, the claim
28

presented in this Court was fairly presented to the state courts.[13] In this regard, the Supreme Court of Nevada did not consider the independent substantive claim presented in Ground 9(b) but instead considered a related claim of ineffective assistance of appellate counsel.[14] Review of the independent substantive claim in Ground 9(b) as to issues of law therefore will be *de novo* rather than under the deferential AEDPA standard of review.

Ground 9(a) accordingly will be dismissed on the merits, and respondents will be directed to respond to Ground 9(b) on the merits on *de novo* review.

### *Remaining Motions*

Petitioner's motion (#34) to file discovery requests and "interlocutory questions" will be denied. Petitioner has not shown good cause under Rule 6 of the Rules Governing Section 2254 Cases for discovery. Discovery is the exception rather than the rule in federal habeas matters. The transcript of the March 17, 2005, sentencing is in the record and clearly reflects that the then-self-represented petitioner was present.[15] Merely because a later amended judgment of conviction correcting a clerical error may have recited *arguendo* in error that petitioner was present with counsel at a later date in connection with the amended judgment does not give rise to any issue of substance in this matter. Petitioner's arguments as to "jurisdictional errors," "fraud," and "structural errors" constitute merely frivolous jailhouse logic, not a basis for any viable claim of constitutional error herein. The Court will not direct discovery to pursue such plainly frivolous issues.

Petitioner's motion (#36) to strike pleadings for fraud upon the court will be denied for substantially the same reasons. Petitioner's argument is frivolous.

Petitioner's motion (#39) for a writ of mandamus under 28 U.S.C. § 1361 will be denied for substantially the same reasons. Petitioner in essence is seeking to require respondents to respond to argumentative contention requests for admission along the lines

---

[13] Compare #21, at 27 -28 with #33-6, Ex. 97, at 54-56.

[14] #33-38, Ex. 128, at 6-7.

[15] #32-16, Ex. 76.

of the discovery requested by his other motion (#34).  Discovery, again, is the exception rather than the rule in federal habeas matters; and petitioner has not demonstrated good cause for same.  Moreover, 28 U.S.C. § 1361 gives federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Respondents are Nevada state officers rather than officers or employees of the United States or an agency thereof.  Petitioner's underlying arguments as to jurisdictional error, fraud, etc. in all events are wholly frivolous.

Petitioner's motions (##40 & 41) to file surreplies to the motion to dismiss are not opposed and therefore will be granted pursuant to Local Rule LR 7-2(d).  The Court has reviewed the surreplies and nothing therein leads to a different outcome on the motion to dismiss.  The surreplies continue in the same frivolous and/or irrelevant vein as his other filings.

### *Remaining Matters*

As noted in footnote 1 to this order, respondents' counsel did not file the state court record exhibits in the manner directed by the Court.  Counsel must identify which specific exhibits are in which specific attachments on the electronic docketing system. #23, at 2, lines 16-17.  Counsel identified only that, for example, Exhibits 31 through 60 are filed with #30. The attachments to #30, however, all are identified as "Exhibit."  This Court and any reviewing court thus must "fish" through the unmarked attachments to find a particular exhibit listed in the index of exhibits.  That, clearly, is not what the Court ordered counsel to do.  Counsel can see an example of how to properly file the exhibits in 3:10-cv-00767-RCJ-WGC, at ## 17-21.

Counsel further failed to properly designate multiple filings in this matter on the Court's electronic docketing system. #38 is designated as a reply to petitioner's #36 when it instead is the reply on respondents' motion to dismiss. #42 is designated as a response to #41 when it instead is a response to #39.  The Court – once again – thus is left to "fish" through the electronic record to determine what filing is where.  That is not acceptable.  Counsel has a nondelegable duty to ensure proper filing.  "Kind of, sort of" docketing will not suffice.

1    The Court will direct counsel to file a notice in response to this order certifying that he
2 personally has read this portion of the order and that he will ensure that his office properly
3 designates all filings and exhibits in the future.
4    The Court trusts that it will not be called upon to address similar issues in the future.
5    IT THEREFORE IS ORDERED that respondents' motion (#25) to dismiss is GRANTED
6 IN PART and DENIED IN PART, with Grounds 1, 3, 4, 5, 6, 13 and 16 being DISMISSED with
7 prejudice as time-barred, Grounds 10 and 14 being DISMISSED as noncognizable, and
8 Ground 9(a) being DISMISSED with prejudice on the merits.
9    IT FURTHER IS ORDERED that petitioner's motion (#34) for leave to file discovery,
10 motion (#36) to strike pleadings, and motion (#39) for a writ of mandamus are DENIED.
11    IT FURTHER IS ORDERED that petitioner's motions (## 40 & 41) to file surreplies are
12 GRANTED.
13    IT FURTHER IS ORDERED that, taking into account the number of remaining claims
14 in the amended petition, respondents shall file an answer to the remaining claims in the
15 amended petition within **thirty (30) days** of entry of this order.  Respondents shall specifically
16 cite to and address the applicable state court written decision and state court record
17 materials, if any, regarding each claim within the response to that claim.  Respondents shall
18 respond to Ground 9(b) under a *de novo* standard of review.  Petitioner shall have **thirty (30)**
19 **days** from service of the answer to mail a reply to the Clerk for filing.
20    IT FURTHER IS ORDERED that, within **seven (7) calendar days** of entry this order,
21 respondents' counsel shall file a notice certifying that he has personally reviewed pages 9-10
22 of this order and that he will ensure that his office properly designates all filings and exhibits
23 in the future.
24    DATED:  This 31st day of January, 2012.

_____
ROBERT C. JONES
Chief United States District Judge