**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

EDWAN THURMOND,

*Petitioner*,

vs.

GREG SMITH, *et al.*,

*Respondents*.

3:09-cv-00401-RCJ-WGC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on the following motions: (a) petitioner's motion (#44) for admission and judicial notice, motion (#45) for a writ of mandamus, second motion (#46) for bail, second motion (#47) for appointment of counsel, motion (#58) for default, and second motion (#60) for default; and (b) respondents' motion (#56) for leave to file excess pages.

Petitioner's motion (#44) for admission and judicial notice will be granted in part to the extent that petitioner in essence seeks substitution of a new respondent in place of the warden of the facility in which he previously was incarcerated. The most appropriate substituted respondent is not Director Greg Cox as petitioner suggests. The most appropriate substituted respondent instead is Robert LeGrand, the warden of the facility to which petitioner was transferred. Such substitution of the successor custodian, however, simply is a formality, as this Court continues to have jurisdiction over the matter following transfers of a petitioner to different facilities.

All remaining requests for relief in the motion will be denied. To the extent that the motion seeks a more expedited resolution, this matter is in line for disposition behind other

habeas matters that were filed before petitioner's case and which have been pending longer. The Court endeavors to resolve all matters as promptly as possible, but this District has a heavy habeas docket. Petitioner further seeks judicial notice or an admission that he was sentenced without counsel and that the judgment of conviction therefore is a fraudulent judgment. Such matters are not subject to judicial notice or admission, and the Court in any event has held that petitioner's related factual and legal contentions in prior filings constitute "merely frivolous jailhouse logic." #48, at 8.

Petitioner's motion (#45) for a writ of mandamus will be denied. Petitioner seeks an order directing that respondents certify under perjury the truthfulness of the judgment of conviction. There is no such procedure relevant to this action, and 28 U.S.C. § 1361 provides a federal district court jurisdiction to issue a writ of mandamus only to "an officer or employee of the United States or any agency thereof." As the Court has noted previously herein, this statutory language refers to federal officers, not state officers. See #48, at 8-9. In all events, on federal habeas review, a state court judgment of conviction is presumptively valid unless and until overturned. The burden of proof and persuasion is on petitioner to establish that the judgment is invalid, and state authorities have no obligation to make any additional certification as to the presumptively valid judgment. Respondents have filed an answer responding to petitioner's claims. That is all that is required under the Court's orders and the governing law. The Court, again, will address the merits of the claims presented as promptly as its docket allows. This motion is frivolous.

Petitioner's second motion (#46) for bail will be denied, substantially for the reasons assigned in denying petitioner's prior motion for bail. See #8, at 1. The Court reiterates that, to the extent, *arguendo*, release on bail might be available in a federal habeas corpus proceeding prior to entry of a decision by the district court, the Court does not find that such release on bail is appropriate herein. Petitioner's contentions that the judgment of conviction is void for fraud and lack of jurisdiction are completely frivolous.

Petitioner's second motion (#47) for appointment of counsel will be denied for the reasons assigned previously in denying petitioner's first motion for appointment of counsel.

See #19, at 3. Nothing in the form second motion, or in the decision in *Koerschner v. Warden*, 508 F.Supp.2d 849 (D.Nev. 2007), cited therein, even if it were to be followed by the undersigned, which it is not, leads to a conclusion that the interests of justice require the appointment of counsel in this case. The fact that a prison uses a paging system to enable inmates to access prison law library resources does not establish a constitutional violation in and of itself.[1] The present matter has been submitted on respondents' answer and petitioner's reply, and appointment of counsel clearly is not warranted in this submitted case. Petitioner has more than amply demonstrated his ability to present argument to this Court with extensive citation to case law, statutes and rules.

Petitioner's motions (## 58 & 60) for a default judgment will be denied. There is no judgment by default in a habeas matter. *See,e.g., Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990). Petitioner, again, is subject to a presumptively valid judgment of conviction unless and until overturned by a decision on the merits. A presumptively-valid state court judgment of conviction will not be overturned on federal habeas review merely because respondents' counsel failed to comply fully with a court order. Any deficiency by respondents' counsel in responding to the orders of this Court instead is addressed in the first instance by issuance of a compliance order, as was done in this case. A convicted inmate will not be released from prison because a lawyer for respondents failed to fully comply with the technical requirements of an order, as there simply is no judgment by default in a habeas matter under long-established law.

This Court, as noted, has a heavy habeas docket. It does not have the resources to repeatedly address frivolous motions presenting already-rejected frivolous arguments. Such frivolous motions delay the resolution of all matters on the Court's docket, including the matter in which the motions are filed. If petitioner continues to present frivolous motions in this matter, the Court will refer the matter to the appropriate authorities for consideration of

---

[1] *See,e.g., Felix v. McDaniel*, 2012 WL 666742, at *6 (D.Nev., Feb. 29, 2012); *Aparicio v. McDaniel*, 2012 WL 1079055, at *11-13 (D. Nev., March 30, 2012).

possible forfeiture of sentencing credits under N.R.S. 209.451(1)(d). *See also Hosier v. State*, 121 Nev. 409, 412 n.10, 117 P.3d 212, 214 n.10 (Nev. 2005)(a habeas matter is a "civil action" for the purposes of sentencing credit forfeiture under the statute, which applies to filings in both federal and state proceedings).

Respondents' motion (#56) for leave to file excess pages will be granted.

This matter remains under submission on the merits, and the Court will resolve the merits issues presented herein as promptly as its habeas docket allows.

IT THEREFORE IS ORDERED that petitioner's motion (#44) for admission and judicial notice is GRANTED IN PART and DENIED IN PART, such that Robert LeGrand shall be SUBSTITUTED for Greg Smith as a respondent and further such that all other requests therein are denied.

IT FURTHER IS ORDERED that petitioner's remaining motions (## 45, 46, 47, 58 & 60) all are DENIED.

IT FURTHER IS ORDERED that respondents' motion (#56) for leave to file excess pages is GRANTED.

DATED: September 21, 2012

ROBERT C. JONES
Chief United States District Judge